12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Duane H. DAVIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1475.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1993.
 
 E.D.Mich., No. 92-76572; Julian Abele Cook, Jr., C.J.
 E.D.Mich.
 AFFIRMED.
 Before: KEITH and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Duane H. Davis, a federal prisoner, moves for the appointment of counsel and release on bail and requests oral argument on appeal from the dismissal of his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Davis was indicted on six counts of a multi-count indictment against several defendants. At his first trial, he was acquitted on two counts charging him with possessing and distributing heroin on February 5, 1980. The jury was unable to reach a verdict on the remaining counts. Davis was subsequently retried and convicted on the remaining four counts: conspiring to possess with intent to distribute heroin, conspiring to import heroin, possession with intent to distribute heroin, and engaging in a continuing criminal enterprise. He was sentenced to a total of twenty-five years of imprisonment. On direct appeal, the two conspiracy convictions were vacated as lesser included offenses of the continuing criminal enterprise count. The total sentence was unaffected. United States v. Davis, 809 F.2d 1194 (6th Cir.), cert. denied, 483 U.S. 1007 (1987). Davis proceeded to file three motions to vacate his sentence, the denials of which were affirmed by this court on appeal.
 
 
 3
 In this fourth motion, Davis argued that his retrial on the continuing criminal enterprise charge was barred by the Double Jeopardy Clause following his acquittal on the charges of possession and distribution on February 5, 1980. The United States moved to dismiss the motion as an abuse of the writ. The district court found that Davis had not shown cause for failing to raise this issue in any of his prior motions and granted the motion to dismiss.
 
 
 4
 Upon review, it is concluded that this motion was properly found to be an abuse of the writ, as Davis did not establish cause and prejudice to excuse his failure to raise this issue previously or make a colorable showing of factual innocence. See McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 1470-71 (1991). Moreover, the issue raised is meritless, as Davis has not shown that the second verdict of guilt was based on evidence that necessarily formed the basis of the acquittals at the first trial. See United States v. Frazier, 880 F.2d 878, 883 (6th Cir.1989), cert. denied, 493 U.S. 1083 (1990).
 
 
 5
 Accordingly, the motions for counsel and bail are denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.